IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00279-WYD-KLM

SEIFULLAH CHAPMAN,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
WARDEN JOHN OLIVER, in his official capacity,
FRANKIE CORDOVA, M.D., individually and in his official capacity,
GEORGE SANTINI, M.D., individually and in his official capacity,
ANTHONY OSAGIE, P.A., individually and in his official capacity,
RONALD CAMACHO, PA, individually and in his official capacity,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants' **Motion to Stay Discovery Pending Resolution of Defendants' Motions** [#56][1] (the "Motion"). Plaintiff filed a Response [#66] in opposition to the Motion and Defendants filed a Reply [#70] in further support of the Motion. Defendants ask the Court to stay discovery in this case until after the pending Partial Motion for Summary Judgment for Failure to Exhaust Rehabilitation Act Claim [#53] (the "Motion for Summary Judgment") and Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#54] (the "Motion to Dismiss") are resolved. Plaintiff asserts an Eighth Amendment claim and a disability discrimination claim under the Rehabilitation Act

_____

[1] "[#56]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

against all Defendants.  *Am. Compl.* [#24] ¶¶ 183-202.  Plaintiff seeks injunctive relief, declaratory relief, punitive damages, nominal damages, and attorneys' fees and costs.  *Id.* ¶¶ 203-205, 207-210.  Plaintiff also seeks compensatory damages against Defendants Cordova, Santini, Osagie, and Camacho in their individual capacities.  *Id.* ¶ 206.  In the Motion to Dismiss, Defendants assert a qualified immunity defense to Plaintiff's Eighth Amendment claim asserted against them in their individual capacities.  *See Motion to Dismiss* [#54] at 4-15.  Defendants also seek dismissal of all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).  *See generally id.*

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.  *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).  Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted).  The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).  However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

When exercising its discretion regarding whether to impose a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Defendants argue that all discovery should be stayed because the Motion for Summary Judgment and Motion to Dismiss may dispose of the entire case and certain Defendants have asserted a qualified immunity defense. *Motion* [#56] at 2-3. Defendants maintain that to require them to engage in discovery regarding any of the claims would necessarily require participation from the Defendants who have asserted qualified immunity, which would undercut the purpose of the clear mandate from the Supreme Court that defendants who assert qualified immunity should not have to participate in discovery until the immunity question is resolved. *Id.* at 5-6.

As an initial matter, Plaintiff maintains that Defendants did not fully confer before filing the Motion as required by D.C.COLO.LCivR 7.1(a). *Response* [#66] at 1. Plaintiff states that "the parties could have agreed to a stay of discovery with respect to the individual capacity Defendants who have asserted qualified immunity." *Id.* However, it is clear that further conferral would not have resolved the parties' disagreement regarding whether discovery should proceed as to the other claims, therefore, the Court will not

address the conferral issue.

With regard to the requested relief, Plaintiff argues that he has a strong interest in proceeding with regard to the claims for which Defendants do not assert qualified immunity because he "has already sought and obtained emergency relief because of his dire [medical] situation" and any delay "will further postpone [his] access to the additional medical care necessary to adequately treat his Type 1 diabetes." *Id.* at 5.[2]  Plaintiff also argues that any delay may result in witnesses' memories fading, witnesses becoming unavailable, or documents being lost. *Id.*  Plaintiff further maintains that Defendants "have not established a burden sufficient to warrant a stay of all discovery." *Id.* at 6.  Specifically, they argue that only discovery as to the claims for which Defendants assert qualified immunity should be stayed. *Id.*  Plaintiff also argues that the Court's interest weighs against a stay. *Id.* at 9.  Finally, Plaintiff avers that the public's general interest in the prompt and efficient handling of all litigation weighs against a stay. *Id.*

In their Reply, Defendants argue that the fact that "Plaintiff has already obtained relief and the parties have resolved his pressing concerns regarding medical care" indicates that Plaintiff does not have a strong interest in proceeding expeditiously with discovery. *Reply* [#70] at 2.  Defendants also argue that they would be burdened if they have to proceed with discovery regarding the claims for which they have not asserted qualified immunity. *Id.* at 3-4.  Specifically, they maintain that Plaintiff's discovery requests "are not limited to Plaintiff's injunctive relief claims" or "limited in time." *Id.* at 3.  In addition,

---

[2]  The Court notes that Plaintiff initially sought a temporary restraining order and/or a preliminary injunction, but the parties were able to resolve the issues and Plaintiff withdrew that request. *See generally Plaintiff's Unopposed Motion to Withdraw Motion for Temporary Restraining Order and Vacate Hearing* [#48].

Defendants aver that binding authority dictates that they should not be subject to discovery while a motion to dismiss raising a qualified immunity defense is pending. *Id.* at 4. Defendants maintain that the injunctive relief claims and the *Bivens* claims are inextricably linked because the "injunctive relief claims are simply a continuation of his allegations of past wrongs relating to diabetes care." *Id.* at 5. Defendants argue that, as a result, allowing limited discovery would be burdensome for the Court because it would have to find a way to allow discovery as to only the injunctive relief requested with regard to the Eighth Amendment claims without subjecting those Defendant to discovery as to the individual capacity claims. *Id.* at 5-6. Finally, Defendants maintain that neither the public nor third parties have any interest in this action. *Id.* at 6.

Turning to the *String Cheese Incident* factors, the Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. Plaintiff argues that he will be prejudiced if discovery is stayed because witnesses' memories may fade and documents may be lost. *Response* [#66] at 5. However, this is a generalized concern that applies in every case in which a stay is sought. Plaintiff does not offer any information to support the conclusion that witness testimony or other evidence in *this case* may be impacted by a stay. Plaintiff also argues that he has a strong interest in proceeding with discovery because he "has already sought and obtained emergency relief because of his dire [medical] situation." *Id.* However, as Defendants argue, this information actually weakens Plaintiff's position. *Reply* [#70] at 2-3. Because Plaintiff and Defendants have resolved many of his concerns regarding his medical care, a short delay in commencing discovery regarding his claims while the Court considers the Motion to Dismiss is unlikely to prejudice Plaintiff. Based on this information,

5

the Court finds that, at best, the first *String Cheese Incident* factor weighs neither in favor nor against a stay.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. The defense of qualified immunity is available to: (1) individual governmental officials, but not governmental entities; (2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and (3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Here, certain Defendants assert the qualified immunity defense as to the Eighth Amendment claims asserted against them in their individual capacities. Plaintiff does not dispute that they are entitled to a stay as to discovery relating to these claims. However, to the extent Plaintiff urges the Court to allow discovery as to the remaining claims, the Court agrees with Defendants that it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not. For example, Plaintiff's requests for injunctive and declaratory relief with regard to his Eighth Amendment claim will result in discovery of the same information that would be subject to discovery with regard to his request for monetary relief. In short, it is the exact same discovery and as the Supreme Court has made clear, qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity is such an important issue that a denial of a motion to dismiss based on qualified immunity is considered a final decision and is immediately appealable. *Id.* Based on these considerations and strong

Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, Plaintiff suggests that a stay would be inefficient for the Court. *Response* [#66] at 9. However, when discovery is stayed, scheduling and discovery issues will not be raised and will not take time from the Court that could be used to address other cases. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, the Court finds that there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts that the public has an interest in the prompt and efficient handling of all litigation that would be served by proceeding with discovery. *Response* [#66] at 9. However, there is also a strong public policy behind the qualified immunity doctrine. Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation. The public also has an interest in conserving judicial resources by addressing dispositive issues early in the litigation. Overall, the public's interest in the efficient and just handling of legal disputes favors

7

imposition of a stay in these circumstances.  Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendant's Motion to Dismiss [#24] is appropriate.  However, to the extent the Motion relies on the pending Motion for Summary Judgment [#53], the Court denies the Motion.  While the Motion for Summary Judgment, if granted, would be dispositive of Plaintiff's Rehabilitation Act claim as to all Defendants, Defendants do not offer any argument that this motion forms a legal basis for the imposition of a stay.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#56] is **GRANTED in part** and **DENIED in part**.  The Motion is granted to the extent is seeks a stay of all discovery pending resolution of the pending Motion to Dismiss [#54].  Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of Defendant's Motion to Dismiss [#54].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for September 8, 2015 at 10:30 a.m. is **VACATED**.  The Court will reset the Scheduling Conference, if necessary, after resolution of Defendants' Motion to Dismiss [#54].

Dated:  July 30, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

8