UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SEIFULLAH CHAPMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. ) | CAUSE NO. 2:16-cv-00455-WTL-MJD |

**FEDERAL BUREAU OF PRISONS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF TRANSFER ORDER (Doc. 189)**

By Order dated December 8, 2016, The United States District Court for District of Colorado, upon the motion of the defendant Federal Bureau of Prisons ("BOP"), severed and transferred a claim for injunctive relief against BOP based on alleged violations of the Eighth Amendment regarding the medical care provided to the plaintiff Siefullah Chapman ("Chapman"). Dkt. 189 (Order). Chapman has filed a motion for reconsideration of that transfer, seeking to have the matter transferred back to the District of Colorado.  *See* Dkt. 202 & 203.  In response to substantial points Chapman has raised regarding the appropriate venue for the resolution of his injunctive claim against the BOP, the BOP provides a clarification of certain points of law.

As an initial and crucial matter, Chapman's disagreement with the final outcome of the Colorado District court's decision is not enough to warrant reconsideration of the earlier decision.   While this Court could revisit the decision, the Supreme Court has made clear that, "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary

circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983). The circumstances raised by Chapman do not provide the extraordinary circumstances that would justify this Court revisiting the earlier decision.

The BOP made various arguments in support of its motion to transfer before the Colorado District Court, *see* Dkt 168 (Motion to Sever and Transfer Plaintiff's Eighth Amendment Official Capacity Claim) and Dkt. 175 (Reply in support of Motion to Sever and Transfer Plaintiff's Eighth Amendment Official Capacity Claim). Below, the BOP provides further clarification of its positions in light of applicable law and in response to Chapman's motion.

## I. Any Judgment in This Matter Would Be Enforceable Against BOP

BOP argued before the Colorado District Court that this Court "has subject-matter jurisdiction over a constitutional claim, personal jurisdiction over federal government employees in their official capacities located in Terre Haute, Indiana, and venue in the Southern District of Indiana is proper. *See* 28 U.S.C. §§ 1331, 1391." Dkt 168 at 3. BOP clarifies, for this Court, that the current action before this Court does not name any individual "federal government employees in their official capacities located in Terre Haute, Indiana." *See* Dkt. 24 (Amendment Complaint): Dkt 189 Order at 1-2, 9 (transferring official capacity claim against defendant BOP). Because no individual officers have been named as parties to this action, obtaining personal jurisdiction over unnamed and unidentified officials of the United States is not at issue in considering whether the Southern District of Indiana is the appropriate venue.

2

Moreover, the Colorado District Court, in denying the BOP's prior motion to dismiss claims for injunctive relief due to Chapman's transfer to the FCC-Terre Haute, determined that:

> Given the reasoning set forth in *Abdulhaseeb* [*v. Calbone*, 600 F.3d 1301 (10th Cir. 2010)]. I find that Plaintiff's injunctive relief claims against Defendant BOP are not moot. Even though Plaintiff has been transferred out of ADX, he is still in BOP custody and under the authority of the BOP. *Further, because Plaintiff sued the BOP, I find that he has sued an entity capable of altering the manner in which it provides medical care for Plaintiff's Type 1 diabetes. Thus, consistent with Abdulhaseeb, relief remains available because Plaintiff is still incarcerated in BOP custody, subject to BOP policies, and a judgment in his favor may require the BOP to modify those policies. Id.* The Tenth Circuit made clear in *Rezaq* [*v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012)] that a case is not moot when there is some possible remedy, "even . . . one not requested by the plaintiff." (*Id.*) (emphasis added) (citing *Church of Scientology*, 506 U.S. [9, 12–13 1992]) ("While a court may not be able to return the parties to the status quo ante [,] ... a court can fashion some form of meaningful relief in circumstances such as these.")).

Dkt. 146 at 6-7 (Order on Motion to Dismiss Claims Against BOP as Moot) (emphasis added.). The Colorado District Court's ruling also appears consistent with the Tenth Circuit's decision in *Jordan v. Sosa*, 654 F.3d 1012, 1029-30 (10th Cir. 2011), in which the court explained that a plaintiff like Chapman who sues the BOP for injunctive relief seeks a system-wide remedy that is not limited to a particular facility and individual officers:

> However, there is a critical flaw in Mr. Jordan's argument: he has never sought relief on a system-wide basis against the BOP in this case. Instead of suing the BOP or its director, he has pursued injunctive and declaratory relief only with respect to individual BOP officials at specific penal institutions—most notably, the Inmate Systems Manager and the Warden at the ADX in Florence, Colorado, where Mr. Jordan was incarcerated at the time that he commenced his lawsuit. Even a cursory examination of Mr. Jordan's litigation history reveals that he has not always taken this approach and that he knows how to seek system-wide relief. But he did not do so here. Therefore, Mr. Jordan has not sued defendants who are actually situated to effectuate any prospective relief that this court might afford him. *See Abdulhaseeb*, 600 F.3d at 1312; *Randolph*, 170 F.3d at 857; *cf. Pritikin*, 254 F.3d at 798 (concluding that, in an action against a federal governmental

defendant, plaintiff lacked standing because she "sued the wrong party").

The sole named defendant in the action before this Court is the BOP.  No officials of any specific facility, including at Terre Haute, are parties to this action.

## II.  The Plaintiff Does Not Reside in this Judicial District

The Colorado District Court's venue decision relied on its view of Chapman's residency, concluding that transfer was proper because Chapman no longer resided in Colorado.  In that regard, the Court relied on BOP's argument that Chapman's move to Terre Haute was a significant fact in regard to Chapman's choice of forum.  *See* Dkt. 168 at 14; Dkt 189 at 6-7. The BOP clarifies for this Court that the majority of the circuit courts to have addressed the issue, including the Seventh Circuit and Tenth Circuits, have concluded that prisoners are not "residents" of their places of incarceration for venue purposes. *See, e.g.*, *Holmes v. U.S. Bd. of Parole*, 541 F.2d 1243, 1248-49 (7th Cir. 1976) ("We see no reason for purposes of venue . . . to ascribe to [defendant] the residence of his district of incarceration rather than the district of his domicile."), *overruled on other grounds by Arsberry v. Sielaff*, 586 F.2d 37 (7th Cir. 1978); *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (while the presumption may be rebutted, "[b]ecause domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991)); *Keys v. Dep't of Justice*, 288 F. App'x 863, 866 (3d Cir. 2008) (unpublished) ("Prisoners . . . generally are deemed to be residents, not of their place of incarceration, but of their place of domicile immediately before their incarceration."); *Brimer v. Levi*, 555 F.2d 656, 658 (8th Cir. 1977) (stating that a prisoner is not a "resident" of the state where he is incarcerated because there is

4

"no ground for believing that [the prisoner's] presence . . . is anything other than involuntary and temporary; *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972) ("For purposes of the venue statute, 'One does not change his residence to the prison by virtue of being incarcerated there.'" (quoting *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962))); *United States v. LaFaive*, No. 1:07-CR-62-TS, 2011 WL 1296200, at *2 (N.D. Ind. Mar. 31, 2011) (stating that "a prisoner resides, for purposes of venue, in his district of domicile, not his district of incarceration"). Chapman is currently incarcerated in Terre Haute, Indiana, but the analysis of the appropriate venue for this action is not dependent on where Chapman is currently incarcerated because he is not a resident of the Southern District of Indiana.

### III. The Attorney General has Discretion to Transfer Chapman in the Future

The BOP argued before the Colorado District that "Plaintiff is currently housed at USP-Terre Haute, and there is no indication that he will return to Colorado anytime in the foreseeable future." Dkt. 168 at 4. There is nothing in the record before the Court, and Chapman has pointed to nothing, that would suggest that BOP transferred Chapman with a view toward this action following him—or that BOP would ever transfer a prisoner to thwart his litigation efforts.[1] Title 18 U.S.C. § 3621(b) provides BOP authority to transfer inmates to "any available penal or correctional facility," after first considering a number of statutory factors. Section 3621(b) provides:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in

---

[1] Indeed, even if Chapman were to be transferred to a different BOP facility during the pendency of this action, this Court could avoid the hypothetical "venue merry-go-round," *see* Dkt.203 at 7, by denying a subsequent motion to transfer venue (even assuming that such a future motion would be made).

5

> which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> >
> > (4) any statement by the court that imposed the sentence--
> >
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > > (B) recommending a type of penal or correctional facility as appropriate; and
> >
> > (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b). The BOP clarifies that section 3621(b) provides it the discretion to transfer Chapman to any available facility in the future. "Federal prisoners may be transferred 'from one place of confinement to another at any time for any reason whatsoever or for no reason at all.'" *Collins v. Webster*, No. 2:10-CV-172-JMS-WGH, 2013 WL 364574, at *9 (S.D. Ind. Jan. 30, 2013) (quoting *Brown–Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983)); s*ee also Bell v. Wiley*, 481 F. Supp. 2d 1168, 1178 (D. Colo. 2007) (agreeing that "18 U.S.C. § 3621(b) confers discretionary authority on the Bureau to place an inmate in, or transfer an inmate to, any available penal or correctional facility, after first considering the statutory factors."); *Garza v.*

6

*Davis*, 596 F.3d 1198, 1201–02 (10th Cir. 2010) (same).

## CONCLUSION

This Court should not revisit the District of Colorado's decision to transfer but should keep the action in this District, and the BOP respectfully reserves its arguments regarding the application of the Colorado District Court's Order (Dkt. 189) to this matter before this Court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/ Jill Z. Julian*
Jill Z. Julian
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on January 19, 2017, a copy of the foregoing FEDERAL BUREAU OF PRISONS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF TRANSFER ORDER (Doc. 189) was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Nicole Brianne Godfrey
University of Denver-Sturm College of Law
ngodfrey@law.du.edu

Laura Lee Rovner
University of Denver-Sturm College of Law
lrovner@law.du.edu

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants.

Danielle C. Jefferis
University of Denver-Sturm College of Law
2255 East Evans Avenue, Suite 335
Denver, CO   80208-0632

Lindsey De Soto Webb
University of Denver-Sturm College of Law
2255 East Evans Avenue, Suite 335
Denver, CO   80208-0632

                                                           *s/ Jill Z. Julian*
                                                         Jill Z. Julian
                                                         Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN   46204