# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| SEIFULLAH CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:16-cv-455-WTL-MJD |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This cause is before the Court on Plaintiff Seifullah Chapman's motion asking this Court to reconsider the order of the District of Colorado transferring Chapman's claim for injunctive relief against the Federal Bureau of Prisons ("BOP") to this district. The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion (Dkt. No. 202) for the reasons set forth below and **ORDERS** that this case be transferred to the District of Colorado.

Chapman is a federal prisoner who alleges that he suffers from "a severe form of Type 1 diabetes that causes him to suffer extreme, sudden, and dangerous swings in blood-glucose levels" and that the BOP has "systematically failed to provide adequate medical care to [him] throughout his incarceration, exhibiting a pattern of historical institutional indifference to his serious medical needs." Dkt. No. 203 at 1, 2. The crux of Chapman's complaint is that his condition requires "consistency in every aspect" of his medical care to avoid substantial risk of serious harm, Amended Complaint at ¶ 1, and that the BOP has failed to provide consistent care.

Chapman is serving a lengthy sentence and thus far has been incarcerated in several federal prisons. In December 2010, Chapman was transferred to the U.S. Penitentiary—Administrative Maximum Security prison in Florence, Colorado ("ADX"). In 2015, Chapman

filed suit in the District of Colorado against the BOP and several BOP employees at the ADX. In his Amended Complaint (Dkt. No. 24), Chapman alleged that the Defendants had systematically failed to provide him with the medical care and other resources (such as the ability to exercise) necessary to properly manage his diabetes while he was incarcerated in ADX.

In November 2015, Chapman was transferred from ADX to the United States Penitentiary in Terre Haute, Indiana ("USPTH"). The BOP then moved to dismiss Chapman's claim for injunctive relief against it on the ground that it was now moot, inasmuch as it was based upon the treatment he received at ADX. Chapman opposed that motion, arguing that the injunctive relief he seeks "is not institution-specific, but rather is properly characterized as constitutionally-adequate medical care *wherever* he is incarcerated by Defendant BOP." Dkt. No. 123 at 6. Chapman also asserted in response to the motion that he had continued to receive inadequate medical care after being transferred to USPTH. The District of Colorado agreed with Chapman that his claim for injunctive relief had not been mooted by his transfer to USPTH. The court held that because Chapman "is still in BOP custody and under the authority of the BOP," which is "an entity capable of altering the manner in which it provides medical care for Plaintiff's Type 1 diabetes," there was still injunctive relief that he could obtain against the BOP, including an order that the BOP modify its policies.

In September 2016, the BOP filed a motion to sever Chapman's injunctive relief claim against it from his claim for damages against the individual Defendants and transfer the injunctive relief claim to this district. In so moving, the BOP characterized that claim as "the claim relating to USP-Terre Haute" and stated that Chapman had "recently clarified" in his discovery responses that his "injunctive-relief claim relates to his medical care at USP-Terre Haute, as it must." Dkt. No. 168 at 1-2. Over Chapman's strenuous objection, the District of

2

Colorado granted the BOP's motion and transferred Chapman's claim for injunctive relief against the BOP to this district. Chapman's claim for damages relating to his treatment at ADX remain pending in the District of Colorado.

Chapman now asks this Court to reconsider the District of Colorado's transfer order. While of course it is literally impossible for this Court to "reconsider" a decision made by another Court, the Court agrees with Chapman's assessment that a motion to reconsider is the appropriate procedural mechanism for him to argue that this case should be returned to Colorado. The BOP does not disagree and notes, correctly, that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Dkt. No. 206 at 1-2 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). As explained below, after much consideration, the Court determines that justice requires that this case be returned to the District of Colorado.

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

> The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice. The statute permits a "flexible and individualized analysis" and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.
>
> With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof.

> The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted).

Chapman first argues that the case was not properly transferred because it failed to satisfy the threshold requirement of section 1404(a)—that the action being transferred could have been brought in the transferee district.[1] The Court agrees. At the time Chapman filed suit against the BOP, as well as at the time he filed his Amended Complaint, which remains the operative complaint in this case, venue would not have been proper in this district. Venue in this type of case is appropriate in the district of residence of the plaintiff or a defendant or where the events at issue occurred. 28 U.S.C. § 1391(e). None of the defendants reside in this district, prior to his transfer to USPTH none of Chapman's claims had any connection to this district, and there is no indication that Chapman resided here prior to his incarceration. *See Holmes v. U.S. Bd. of Parole*, 541 F.2d 1243, 1249-50 (7th Cir. 1976), *overruled on other grounds by Arsberry v. Sielaff*, 586 F.2d 37 (7th Cir. 1978) (holding that prisoner's district of residence for venue purposes is the district of his domicile, not the district of his incarceration). And, as Chapman notes, the Supreme Court previously has examined the meaning of the phrase "where it might have been brought" in section 1404(a). The Court found that the phrase is "unambiguous, direct (and) clear" and "directs the attention of the judge who is considering a transfer to the situation

---

[1] It does not appear that Chapman made this argument before the District of Colorado.

which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). The Court further rejected the notion that "the conduct of a defendant after suit has been instituted can add to the forums where 'it might have been brought.'" *Id.* Because Chapman's case could not have been brought in this district when it was filed, and especially in light of the fact that the only reason it now has a connection to this district is because of an action taken by the Defendant—transferring Chapman to USPTH—the Court believes it was error to transfer the case here pursuant to section 1404(a).

The Court also believes that the transfer is not in the interests of justice. While the BOP represented to the District of Colorado that Chapman's injunctive relief claim now relates to his treatment at USPTH, the implication that it *solely* relates to events in this district is incorrect.[2] Chapman has consistently framed his claim against the BOP as seeking injunctive relief that will control his medical care regardless of which federal institution he is in. He cannot demonstrate that such system-wide relief is necessary solely by demonstrating that the treatment he is currently receiving fails to pass constitutional muster; rather, he must show that he has received inadequate care and either is continuing to receive inadequate care or is likely to receive inadequate care in the future due to a system-wide policy or failure by the BOP. *See* Dkt. 146 at 6-7 (Order on Motion to Dismiss Claims against BOP as Moot) (citing *Abdulhaseeb v. Calbone*, 600 F.3d 1301 (10th Cir. 2010)). That means his treatment at USPTH is relevant, but his treatment at ADX and other facilities is as well.

---

[2]If that were the case, it seems that the claim should have been brought as a new suit filed in this district against the warden of USPTH in his official capacity, not the BOP, as it would be an entirely different claim than the one Chapman originally filed. *Cf. Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011) (distinguishing between claims for institution-specific injunctive relief and claims for system-wide relief).

If this case were to remain in this district, Chapman would be required to litigate whether his care at ADX was constitutionally adequate both in Colorado and in this district. That is not only unfair to Chapman, but also is contrary to the interests of justice as that term is used in section 1404(a). Requiring the same facts to be litigated in two districts is not the "efficient administration of the court system." Nor is requiring two different U.S. Attorney offices to become familiar with Chapman's medical condition and treatment history and expert opinions regarding the same a good use of government resources.[3] In addition, many witnesses would be relevant to both cases; thus, transfer would increase, not decrease, the overall convenience of the witnesses.

If Chapman's claim against the BOP involved only Chapman's treatment since his transfer to USPTH, it clearly would have been appropriate to litigate that claim in this district as a new case filed here. In finding that the claim for injunctive relief was not mooted by Chapman's move to USPTH, however, the District of Colorado necessarily found that Chapman's original claim against the BOP involved more than just his treatment at ADX. That necessarily means that his claim against the BOP now involves more than just his treatment at USPTH. As such, this Court is compelled to find that this case was transferred here erroneously.

For the reasons set forth above, Chapman's motion to reconsider is **GRANTED**. The Court, having considered the parties' arguments with regard to whether Chapman's claim for

---

[3]The Court also notes that Chapman is being represented pro bono by faculty and students from the Civil Rights Clinic at the University of Denver Sturm College of Law and, unlike the District of Colorado, this district has no mechanism by which students may appear as counsel. While the convenience of counsel is not a relevant factor in the section 1404(a) analysis, the Court finds it relevant that the transfer would prohibit the students currently representing Chapman from continuing to do so with regard to a portion of his case, thus disrupting his legal team to the detriment of his legal representation.

injunctive relief was properly transferred to this district, finds that it was not. Therefore, this case is **TRANSFERRED** to the District of Colorado.

    SO ORDERED:

Date: 1/27/2017

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification